```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
REDLAND SELECT INSURANCE CO.,

                    Plaintiff,              08-CV-6222

           v.                               **DECISION**
                                            **and ORDER**
WILLIE WASHINGTON, ANSTROM CARTAGE
CO., and GIBRALTAR STEEL CORP,

                    Defendants.
_____
```

## Introduction

In this declaratory judgment action, plaintiff Redland Insurance Company ("Redland") seeks a determination that it is not obligated to defend against liability or indemnify defendants Anstrom Cartage Company ("Anstrom"), its insured, Gibraltar Steel Corporation ("Gibraltar"), a third party to which Anstrom provided delivery services, and Willie Washington, a truck driver for Anstrom. Willie Washington brought a personal injury action in New York State Supreme Court against Anstrom and Gibraltar for injuries he allegedly sustained in an accident at Gibraltar's facilities while delivering a load of steel coils for Anstrom. Redland contends that based on its insurance policy issued to Anstrom, it has no duty to defend any person or entity against liability for bodily injury or property damage arising out of the accident, and asks this Court to award it costs of suit and attorney's fees. Redland moves for summary judgment on the grounds that there are no material issues of fact in dispute, and

1

that it is entitled to summary judgment as a matter of law. Defendants Anstrom, Gibraltar, and Washington do not oppose Plaintiff's motion for summary judgment.

## Background

Defendant Anstrom is a motor carrier registered with and authorized by the United States Department of Transportation to haul goods in interstate commerce. See USDOT website.(Attached as Exhibit A to Declaration of Anthony J. Piazza, "Piazza Dec"). Anstrom was hired by defendant Gibraltar, to haul steel coils from a facility in Lackawanna, NY to a Gibraltar location in Buffalo, NY. (Piazza Dec. Ex. B). On January 20, 2005, Washington, the driver of a truck leased to Anstrom, picked up and delivered the coils. Id. When Washington brought the load to Buffalo, Gibraltar employees unloaded the coils from the flatbed truck with a crane as Washington watched from the back of the truck. (Transcript of Statement of Willie Washington, attached as Exhibit 1 to the Declaration of Lisa G. Maynard "Maynard Dec"). As the crane was lifting the last of the coils from the flatbed, the Gibraltar employee dropped the coil back onto the flatbed. Id. As a result of the impact, Washington was thrown into the air and then back onto the trailer's surface causing him to suffer bodily injury. Id. On January 25, 2006, Redland sent a letter to its insured Anstrom, with copies to an attorney representing Washington and to

2

Gibraltar's insurer Zurich Insurance Company, disclaiming liability coverage for the accident. (Maynard Dec. Ex. 3).

On September 5, 2007, Washington, a resident of the State of New York, commenced an action against Anstrom, Gibraltar, and others, for injuries sustained from the accident. <u>Washington v. Gibraltar Steel Corp., et. al.</u>, Index No. I2007/008045. (Plaintiff's Second Amended Complaint, Piazza Dec. Ex. D). The State Court Complaint seeks damages on the grounds that Anstrom and Gibraltar had a duty to (1) maintain and keep the area in which Washington was working in a safe and proper manner not to endanger life and limb of those lawfully on the premises, and (2) give due and timely notice of warning of attendant peril or danger. (Ex. D, Count 18). Washington further alleged that Anstrom and Gibraltar (1) negligently, carelessly, and recklessly owned, operated, maintained, controlled, erected, constructed, inspected, supervised, and equipped the site, (2) deviated from standard safety procedures, and (3) violated provisions of the Labor Laws of the State of New York §§ 240, 241, and 242 (Ex. D, Count 18, 19).

On March 8, 2010, the New York State Supreme Court ordered that Washington's claim against Anstrom, Gibraltar's cross-claims against Anstrom, and Washington's claims against Gibraltar under New York's Labor Laws be dismissed. (Order, Piazza Dec. Ex. E). The court allowed the negligence claim against Gibraltar to proceed. <u>Id.</u> That action remains pending in State Supreme Court, and none of

the liability issues in that action are presented in this case. The only issue before this court is whether or not defendants are entitled to a defense and/or indemnification in the action pending in State Court under the provisions of the truckers liability policy, number SPM-P2202-341316 ("the policy"), issued by Redland to Anstrom.

## Discussion

### I. Plaintiff's Motion for Summary Judgment

     Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought. Scott v. Harris, 550 U.S. 372, 380 (2007). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. Scott, 550 U.S. at 380 (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986)).

Redland seeks a judgment declaring that it is not obligated to either defend or indemnify the defendants under the terms of the insurance policy issued to Anstrom. In support of its motion,

Redland contends that Gibraltar does not qualify as insured. (Plaintiff's Memorandum of Law "Pl. Mem" 5). It further argues that the policy excludes coverage for the injuries arising from the loading and unloading of material from a covered truck or automobile when such material is moved by a mechanical device, such as a crane.

I find that because the steel coils were unloaded by Gibraltar employees by the use of a crane, coverage for the injuries allegedly suffered by Washington is excluded by the policy. I therefore grant plaintiff's motion for a declaration that it is not obligated to defend or indemnify any of the defendants for the injuries sustained by Washington.

## II. Redland does not insure Anstrom for the accident in question

The policy contains an exclusion for "'bodily injury' or 'property damage' resulting from the movement of property by a mechanical device (other than a hand truck) unless the device is attached to the covered 'auto'." (Redland Policy, Exclusion 8). Whenever an insurer wishes to exclude certain coverage from its policy obligations, it must do so in clear and unmistakable language. Seaboard Sur. Co. v. Gillette Co., 476 N.E.2d 272, 275, 64 N.Y.2d 304, 310 (N.Y. 1984). Any exclusions must be specific and clear in order to be enforced, and be accorded a strict and narrow construction. Id. Here, the policy clearly and explicitly excludes

5

coverage for accidents resulting from the use of a mechanical device. (Redland Policy).

In this case, the Gibraltar employee who caused the accident was using a crane owned and operated by Gibraltar, and unattached to the insured truck. (Complaint ¶ 11). An insurer has no duty to defend where the alleged basis for liability is not within the scope of a policy's coverage, particularly where "allegations of the complaint cast that pleading solely and entirely within the policy exclusions." Ogden Corp. v. Travelers Indem. Co., 924 F.2d 39, 41 (2d Cir. 1991). Here, the loss in question is explicitly excluded from Anstrom's coverage. (Redland Policy). Accordingly, Redland had no duty to defend or indemnify Anstrom in relation to the January 20, 2005 accident.

## II. Redland is not obligated to provide coverage to Gibraltar under the terms of its policies

The policy issued to Anstrom by Redland provides that Anstrom and "anyone else while using with your permission a covered 'auto' you own, hire or borrow" is "insured."(Redland Policy § II, pg. 8). The policy specifically excludes "anyone other than your employees, partners, a lessee or borrower, or any of their employees, while moving property to or from a covered 'auto.'" Id.

New York law mandates that permissive users of covered autos be insured. N.Y. Veh. & Traf. § 345. An insurance policy need not apply, however, to anyone other than the insured for "bodily injury" arising from the "loading and unloading of a motor vehicle." N.Y.

6

Comp. Codes R. & Regs. tit. 11, § 60-1.1. Thus, a clause limiting coverage to lessees, borrowers, and employees of the named insured during loading and unloading is permissible. See Breen v. Cunard Lines S.S. Co., Ltd., 311 N.E.2d 478, 33 N.Y.2d 508 (N.Y. 1974). Redland's policy covers the liability of employees, lessees, or borrowers who are engaged in loading and unloading. (Redland Policy). Accordingly, the policy's exclusions are in accordance with applicable State laws and regulations. See Cont'l Ins. Co. v. Transp. Ins. Co. Of Transp. Group, 52 A.D.2d 210, 383 N.Y.S. 2d 754 (N.Y. App. Div. 1976)(holding that coverage for "loading and unloading" is only required for the named insured); ABC, Inc. v. Countrywide Ins. Co., 308 A.D.2d 309, 764 N.Y.S.2d 244 (N.Y. App. Div. 2003).

Similar language of exclusion in insurance policies has been enforced as written in New York courts. See Coburn v. Aetna Cas. & Sur. Co., 212 A.D.2d 752, 633 N.Y.S. 2d 599 (N.Y. App. Div. 1995). In Coburn, the policy at issue contained nearly identical language to the policy in the instant case, excluding "anyone other than employees, a lessee or borrower or any of their employees while moving property to or from a covered auto." Id. The court held that coverage did not extend to the restaurant at which Coburn, a driver for the named insured delivery company, was injured, because the restaurant was neither an employee, lessee, or borrower. Id. In the instant case, Gibraltar was neither an employee, lessor, or borrower as required by Redland's policy to receive coverage. (Plaintiff's

7

Complaint "Complaint" ¶ 29, 30; Anstrom's Answer ¶ 3). Gibraltar, through its employees, was engaged in unloading the truck, and not in operation of Anstrom's "covered auto." (Complaint ¶ 11; Gibraltar's Answer ¶ 11).

I find that the Redland policy unambiguously and permissibly excludes Gibraltar from coverage. Accordingly, Gibraltar has failed to establish that it was considered "insured" under the policy. I also find that Redland has no duty to indemnify Washington for his injuries

## **CONCLUSION**

For the reasons set forth above, plaintiff's motion for summary judgment is granted in its favor. I hereby declare and determine that the Redland Insurance Co. under the terms of its policies is not obligated to defend or indemnify Anstrom Cartage Company, Gibraltar Steel Corporation and Willie Washington.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         July 19, 2010